{¶ 34} The crime of obstructing official business is defined in R.C. 2921.31(A) :
{¶ 35} "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
{¶ 36} " R.C. 2921.31 has five essential elements: (1) an act by the defendant; (2) done with the purpose to prevent, obstruct, or delay a public official; (3) that actually hampers or impedes a public official; (4) while the official is acting in the performance of a lawful duty; and (5) the defendant *536 does so act without a privilege to do so." State v. Brickner-Latham , 3rd Dist. Seneca No. 13-05-26, 2006-Ohio-609, 2006 WL 319183, ¶ 25.
{¶ 37} Under his first evidentiary challenge, appellant maintains that there was no evidence to support a finding that he actually impeded the officers' investigation into the alleged domestic violence. Specifically, he asserts the evidence can only be interpreted to show that, when Officer Altier ordered him to stop walking toward the firearm on the nightstand, he immediately complied.
{¶ 38} The record does not support appellant's argument on this point. As noted previously, the evidence before the trial court included a written transcript of the audio recording made by Officer Altier's body camera. As to the moment at which appellant began walking toward the firearm, the transcript shows that the following exchange took place:
{¶ 39} "MR. OAKMAN: It's right here.
{¶ 40} "OFFICER ALTIER: Okay.
{¶ 41} "MR OAKMAN: I'll give you the remote, I know where the remote is.
{¶ 42} "OFFICER ALTIER: Hey, get-get away from that gun.
{¶ 43} "MR. OAKMAN: I know-the gun is there.
{¶ 44} "OFFICER ALTIER: Get away from the gun.
{¶ 45} "MR. OAKMAN: (Inaudible) it's-
{¶ 46} "OFFICER ALTIER: Get away from that gun.
{¶ 47} "MR. OAKMAN: But again, no, I got-are you guys kidding me?
{¶ 48} "OFFICER ALTIER: Get your hands-get your hands away from that fucking gun.
{¶ 49} "MR. OAKMAN: The remote's over there.
{¶ 50} "OFFICER ALTIER: You were walking right toward it, man."
{¶ 51} The foregoing excerpt demonstrates that Officer Altier told appellant four separate times to get away from the firearm. Moreover, this clearly was not an instance in which Officer Altier said the four commands/orders all in a row, without interruption. Appellant made some type of statement in between all four commands. Therefore, the verbal exchange between Officer Altier and appellant supports the finding that appellant did not immediately comply with the officer's command to stay away from the gun. The officer had to repeat the command four times before appellant stopped.
{¶ 52} Generally, an individual can be found guilty of obstructing official business when he persists in performing a specific act when a police officer has told him to stop. See State v. Jackson , 11th Dist. Lake No. 2008-L-147, 2009-Ohio-6226, 2009 WL 4158882 ; State v. Hill , 10th Dist. Franklin No. 10AP-177, 2010-Ohio-6121, 2010 WL 5141707. In State v. Watson , 3rd Dist. Union No. 14-09-01, 2009-Ohio-6713, 2009 WL 4894663, two police officers repeatedly told the defendant to stay away from his briefcase and to not put his hand inside. Despite the express order, the defendant pulled the briefcase over to him, opened it, and placed his hand inside. The Third Appellate District held that his actions constituted an affirmative act which impeded the officers' performance of their lawful duties. Id. at ¶ 36.
{¶ 53} In addition to the excerpt from the audio recording, Officer Altier testified that appellant did not stop walking toward the firearm until his extended hand was within six to eight inches from the firearm. Based upon this, the trial court justifiably found that appellant did not immediately *537 comply with the officer's command, and that his actions impeded both officers in their investigation of the alleged domestic violence. Accordingly, there was sufficient evidence for the trial court to hold that the elements of obstructing official business could be found beyond a reasonable doubt.
{¶ 54} As part of its findings that appellant acted purposely in trying to impede or obstruct the officers, the trial court concluded that he had attempted to deceive them as to whether he had any guns in the bedroom. Under his second evidentiary challenge, appellant contends that this finding is not supported by the evidence because he clearly told Officer Altier that there were guns in the bedroom.
{¶ 55} A review of the transcript of the audio recording shows that, after Officer Altier asked him whether he had any firearms with him in the bedroom, appellant stated:
{¶ 56} "MR. OAKMAN: No, no guns. I have guns. I have no guns, but it's right over here."
{¶ 57} The response is contradictory and confusing. In light of this, the trial court could justifiably find that, at least momentarily, appellant was unsure whether he wanted to inform the officers about the firearms. In turn, this supported the further finding that it was appellant's intention to pick up the gun.
{¶ 58} Since the state presented sufficient evidence to support a conviction for obstructing official business, appellant's second assignment is without merit.
{¶ 59} Under his last assignment, appellant contends that his conviction is against the manifest weight of the evidence because the trial court should have rejected Officer Altier's testimony as totally lacking in credibility. However, when a criminal case must be remanded for a new trial as a result of a legal error in the original proceeding, a "manifest weight" argument is rendered moot and need not be addressed. State v. Platfoot , 183 Ohio App.3d 349, 2009-Ohio-3769, 916 N.E.2d 1147, ¶ 22 (2d Dist.).
{¶ 60} The judgment of the Girard Municipal Court is reversed, and the case is hereby remanded for further proceeding consistent with this opinion.
DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.